# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **PATRICK GRAVOIS, BERT SAVOIE, and MONA GRAVOIS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **LOUIS ACKAL, in his capacity as the Sheriff for the Parish of Iberia, and SHERIFF DEPUTY ALONZA JORDAN and SHERIFF DEPUTY ROBERT SHONTZ, individually and in their official capacity as duly commissioned law enforcement officers for the Parish of Iberia** | **MAGISTRATE** |
| | **JURY DEMANDED** |

---

## COMPLAINT FOR DAMAGES

---

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana against Louis Ackal, in his capacity as the Sheriff for the Parish of Iberia, and Sheriff Deputy Alonza Jordan and Sheriff Deputy Robert Shontz, individually and in their official capacity and as duly commissioned law enforcement officers for the Parish of Iberia.

### JURISDICTION

1.

Jurisdiction is founded on 28 U.S.C. § 1331.  The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

1

## VENUE

2.

Venue lies in this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

3.

Plaintiffs, **PATRICK GRAVOIS, BERT SAVOIE, and MONA GRAVOIS** are persons of the full age of majority and residents of Iberia Parish, Louisiana.

4.

Made defendants herein are the following:

(1)  **LOUIS ACKAL, in his capacity as the Sheriff for the Parish of Iberia,** and the public employer of Sheriff Deputy Alonza Jordan and Sheriff Deputy Robert Shontz, who can be served at his place of employment, 300 Iberia Street, #120, New Iberia, Louisiana;

(2)  **SHERIFF DEPUTY ALONZA JORDAN, individually and in his official capacity as a duly commissioned law enforcement officer for the Parish of Iberia,** acting under Color of Law and under color of the statutes, ordinances, regulations, policies, customs and uses of the Parish of Iberia, who can be served at his place of employment, New Iberia Sheriff's Department, 300 Iberia Street, #120, New Iberia, Louisiana; and

(3)  **SHERIFF DEPUTY ROBERT SHONTZ, individually and in his official capacity as a duly commissioned law enforcement officer for the Parish of Iberia,** acting under Color of Law and under color of the statutes, ordinances, regulations, policies, customs and uses of the Parish of Iberia, who can be served at his place of employment, New Iberia Sheriff's Department, 300 Iberia Street, #120, New Iberia, Louisiana

5.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

2

## FACTS

6.

On or about November 4, 2011, Sheriff Deputy Alonza Jordan, responded to a call from Oray Savoie, who at the time of the call, was highly intoxicated, and was located at 210 Chessman Drive, New Iberia, Louisiana.  Oray Savoie called the police after alleging he had been in a physical altercation with a Nicholas Gravois, while they were both at the corner store called the Food-N-Fun.

7.

When Deputy Jordan arrived at the aforementioned address, he encountered Oray Savoie standing outside and highly intoxicated.  At that point, Bert Savoie, Oray Savoie's brother, who lives nearby, walked over to see what was going on since he saw Deputy Jordan speaking with his brother, Oray Savoie.  When Bert Savoie asked Officer Jordan what was going on, Deputy Jordan abruptly told him to go back to his house or he will get arrested.  Bert Savoie obeyed Deputy Jordan's directive and proceeded back to his house, where he stood on his porch.

8.

Next, Deputy Jordan and Oray Savoie proceeded next door to the residence of Mona and Patrick Gravois, parents of Nicholas Gravois.  Patrick Gravois got out of bed and answered his door to find Deputy Jordan and Oray Savoie standing at his front door.  Patrick Gravois went outside to speak with Deputy Jordan about the reasoning as to why Deputy Jordan and Oray Savoie were at his house.  Oray became belligerent with Patrick Gravois and so Patrick requested the deputy remove Oray from his property.  Deputy Jordan had Oray walk away from the house and towards the deputy's vehicle, which was parked near the road.

9.

At this point, Mona Gravois, who was also sleeping at this time, heard the commotion and as a result, she put on her robe and walked outside past her husband Patrick Gravois and Deputy Jordan, who were still talking.  She walked towards the street where she met her sister Harriet Pirnie and her brother Bert Savoie, who had also walked out to the street.  Next, the ambulance arrived on the scene and parked in the yard of Mona and Patrick Gravois. The ambulance was also blocking the driveway and truck owned by Mona and Patrick Gravois.

10.

Mona Gravois went over to ask the driver of the ambulance to move said ambulance out of her yard and away from blocking her driveway, so that her truck would not be blocked in and also so that Oray, who was highly intoxicated and belligerent, would not be on her property.  At this point, Deputy Jordan overheard Mona Gravois making this request and abruptly told her that she and her sister better go inside otherwise they would be arrested.

11.

Mona Gravois and her sister, Harriet Pirnie, headed Deputy Jordan's request and they went back into Mona's house.  At this point, Bert Savoie, started to walk over to his brother Oray Savoie, who was standing alone by the car.  Deputy Jordan saw him and yelled out to him, that if he does not go back to his house right now, then he will be arrested.  Bert Savoie was standing between the road and the yard owned by his sister, Mona Gravois, and away from Deputy Jordan, and was in no way interfering with anything going on and was merely a bystander.

12.

Deputy Jordan yelled out for Bert Savoie to get on his knees and so Bert Savoie followed his directive and got on his knees.  Deputy Jordan proceeded to put his knee in the back of Bert Savoie, who was not resisting, and then cuffed Bert Savoie extremely tight around the wrist and

then dragged him to his official vehicle.  Deputy Jordan arrested Bert Savoie without a warrant and placed him into his vehicle, after using excessive force.

13.

At this point, a second deputy arrived on the scene, Sheriff Deputy Robert Shontz. Deputies Jordan and Shontz re-engaged their conversation with Patrick Gravois, who was still standing in his yard.  Patrick Gravois asked what was going on and Deputy Jordan told him that it was none of his concern.  At that point, Patrick Gravois said that if this was none of his concern then he was going back inside his house.  Both deputies followed Patrick Gravois as he was walking towards his front door.  During the short walk, Deputy Jordan told Patrick Gravois that he needs to tell his wife to get dressed.  Patrick Gravois asked Deputy Jordan why he needed to tell his wife to get dressed and Deputy Jordan responded by saying it was none of his concern.

14.

Patrick Gravois continued walking towards his front door, followed by both deputies. Upon entering his home, Patrick Gravois attempted to close his front door when both deputies placed each a foot in the doorway, preventing the door from fully closing.  At this time, both sides of the door were being pushed until Deputy Jordan yelled out for Patrick Gravois and his wife Mona Gravois, who was standing behind Patrick inside their home, to come outside.

15.

Once outside, Patrick Gravois and Mona Gravois were violently forced to the ground and handcuffs were placed on them and they were arrested and placed in the back of Deputy Jordan's official vehicle with Bert Savoie.  At no point during the previously mentioned arrests of Bert Savoie, Patrick Gravois, and Mona Gravois, was an arrest warrant or search warrant issued for any of the plaintiffs.

16.

Next, Deputy Jordan proceeded to transport Bert Savoie, Patrick Gravois, and Mona Gravois, to a booking station, while driving at a dangerously high rate of speed and running through red lights, all while having never secured the plaintiffs with any safety belts.

17.

During the time Deputy Jordan was transporting the plaintiffs to the booking station, he told Patrick Gravois, in front of Bert Savoie, and Mona Gravois, that "I am going to ruin your life."

18.

Upon arriving at the booking station, plaintiffs were strip searched and handcuffed to a bench for approximately (6) six hours.  Afterwards, plaintiffs were placed in jail cell where they remained incarcerated throughout the night.

19.

The force used by Sheriff Deputy Alonza Jordan and Sheriff Deputy Robert Shontz was excessive under the circumstances and a violation of  the civil rights afforded to Patrick Gravois, Bert Savoie, and Mona Gravois.  Additionally, the false arrests were placed in the newspaper, causing embarrassment and ruining the reputations of the plaintiffs and causing harm to their businesses, employment, and public lives.

20.

At all times material hereto, Sheriff Deputies Alonza Jordan and Robert Shontz, were in the course and scope of their employment with the New Iberia Sheriff's Department and were acting under color of law, while employed, controlled, and supervised by Iberia Parish Sheriff Louis Ackal.

21.

At all times during the offenses described above, Sheriff Deputies Alonza Jordan and Robert Shontz , performed the various actions described above and let their physical presence and support and the authority of their office be known during the said events.

22.

As a direct and proximate result of the said incidents by the defendants, plaintiffs, Patrick Gravois, Bert Savoie, and Mona Gravois, suffered the following injuries and damages:

(a)     Use of excessive force in violation of his civil rights under 42 U.S.C. §1983;

(b)     Physical pain and suffering;

(c)     Mental anguish, and emotional pain and suffering;

(d)     Embarrassment and Loss of wages and enjoyment of life;

(e)     Attorney's fees pursuant to 42 U.S.C. § 1988; and

(f)     Punitive damages against Sheriff Deputies Alonza Jordan and Robert Shontz, in their personal capacity.

(g)     False Arrest

(h)     False Imprisonment

(i)     Assault and Battery

23.

The actions of the defendants violated the following, clearly established and well-settled federal and state constitutional rights of Patrick Gravois, Bert Savoie, and Mona Gravois to be:

(a) Freedom from the use of excessive and unreasonably justified force against his person; and

(b) Freedom from unlawful arrests and/or seizures.

**COUNT ONE:**
**42 U.S.C.  §  1983 AGAINST INDIVIDUAL DEFENDANTS**

24.

Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

25.

Plaintiffs, Patrick Gravois, Bert Savoie, and Mona Gravois, claim damages for the injuries set forth above under 42 U.S.C.  §  1983 against the defendants, Sheriff Deputies Alonza Jordan and Robert Shontz, both in their individual capacities and as duly commissioned law enforcement officers for the Parish of Iberia, for violation of plaintiffs' constitutional rights under Color of Law.

**COUNT TWO:**
**ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS**

26.

Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

27.

Defendants, Sheriff Deputies Alonza Jordan and Robert Shontz, assaulted and battered Patrick Gravois, Bert Savoie, and Mona Gravois, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

28.

As a result of the assault and battery, Patrick Gravois, Bert Savoie, and Mona Gravois suffered damages.

29.

At all times material and present, defendants Sheriff Deputies Alonza Jordan and Robert Shontz, were acting within the course and scope of their employment with Louis Ackal, in his capacity as the Sheriff for the Parish of Iberia, and therefore, Louis Ackal, in his capacity as the

Sheriff for the Parish of Iberia, is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employees, Sheriff Deputies Alonza Jordan and Robert Shontz.

**COUNT THREE:**
**FALSE ARREST AND ILLEGAL IMPRISONMENT**
**AGAINST INDIVIDUAL DEFENDANTS**

30.

Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

31.

Defendants illegally arrested and illegally imprisoned Patrick Gravois, Bert Savoie, and Mona Gravois in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

32.

As a result of this false arrest and illegal imprisonment, plaintiffs, Patrick Gravois, Bert Savoie, and Mona Gravois, suffered the damages as aforesaid.

**COUNT FOUR:**
**42 U.S.C. ' 1983 AGAINST LOUIS ACKAL, IN HIS CAPACITY AS SHERIFF FOR THE**
**PARISH OF IBERIA**

34.

Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

35.

Further, plaintiffs specifically allege defendant, Louis Ackal, in his capacity as sheriff for the Parish of Iberia, condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiffs' constitutional rights as set out herein.  Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

    (a)    Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by it;

    (b)      Condoning and allowing police behavior that has been declared unconstitutional and unlawful; and,

    (c)      Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens' constitutional and civil rights, including those of plaintiff.

36.

As a result of their unlawful and unconstitutional conduct, defendants, Louis Ackal, in his capacity as the Sheriff for the Parish of Iberia, and Sheriff Deputies Alonza Jordan and Robert Shontz, in their individual capacities, and in their office capacity as duly commissioned law enforcement officers for the Parish of Iberia, jointly, individually and *in solido,* deprived plaintiffs of their civil rights under 42 U.S.C. § 1983.  Said defendants are liable, individually, jointly and *in solido,* unto plaintiffs for such damages.

37.

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused physical and emotional harm and physical injury to Patrick Gravois, Bert Savoie, and Mona Gravois, and constitutes wrongful and intentional torts under Louisiana Civil Code Articles 2315, 2316, and 2320.

38.

The defendant, Louis Ackal, in his capacity as the Sheriff for the Parish of Iberia, individually and officially, acted in violation of Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training, supervising and disciplining of the defendants, Sheriff Deputies Alonza Jordan and Robert Shontz, regarding the stopping of persons, arrests and/or the use of force.

39.

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violations of his civil rights under 42 U.S.C. § 1983 and other Louisiana laws, plaintiffs suffered damages of physical harm, severe mental anguish and ultimately caused the physical injury of  Patrick Gravois, Bert Savoie, and Mona Gravois.

**WHEREFORE**, plaintiffs,  Patrick Gravois, Bert Savoie, and Mona Gravois pray that a jury trial be had as to the issues triable by jury;  that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, Sheriff Deputies Alonza Jordan and Robert Shontz, in their individual capacity be awarded; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to plaintiffs and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

Respectfully submitted:


**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70502-52 7050150
Telephone:  (337) 234-7573
Facsimile: (337) 233-3890

L. Clayton Burgess
**L. CLAYTON BURGESS, T.A.** (22979)
Attorney for Plaintiffs